IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 2:25-cr-00288 |
| DESHAUN A. MCGEORGE | |

### INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, First Assistant United States Attorney for the Western District of Pennsylvania, by delegation, and Rebecca L. Silinski, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

A seven-count information was filed against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Unlawful Possession of a Machinegun<br><br>On or about July 12, 2024 | 18 U.S.C. § 922(o)(1) |
| Two | Possession of a Firearm and Ammunition by a Convicted Felon<br><br>On or about July 12, 2024 | 18 U.S.C. § 922(g)(1) |
| Three | Unlawful Possession of a Postal Key<br><br>From on or about July 5, 2024, to on or about July 12, 2024 | 18 U.S.C. § 1704 |
| Four-Six | Mail Theft<br><br>On or about July 5, 2024<br>On or about July 6, 2024<br>On or about July 6, 2024 | 18 U.S.C. § 1708 |

| Seven | Possession with intent to distribute a controlled substance | 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(vi), and 841(b)(1)(C) |
|---|---|---|
| | On or about July 12, 2024 | |

## II. ELEMENTS OF THE OFFENSES

    **A.**    **As to Count One:**

In order to establish the crime of unlawful possession of a machine gun, in violation of 18 U.S.C. § 922(o)(1), the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    The defendant, on or about the date set forth in the Information, possessed the firearm described in the Information.

    2.    The firearm identified in the Information was, on the date charged in the Information, a machinegun as defined in Title 18, United States Code, Section 921(a)(24) and Title 26, United States Code, Section 5845(b).

    3.    The defendant knowingly possessed the firearm.

    4.    The defendant knew that the characteristics of the firearm he possessed met the statutory definition of a "machinegun."

    **B.**    **As to Count Two:**

In order to establish the crime of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C § 922(g)(1), the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    The defendant knowingly possessed the firearm and/or ammunition described in the Information;

    2.    At the time of the charged act, the defendant had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

3. At the time of the charged act, the defendant knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; and

4. The defendant's possession was in or affecting interstate or foreign commerce.

**C.     As to Count Three:**

In order for the crime of Unlawful Possession of a Postal Key, in violation of 18 U.S.C. § 1704, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant possessed a key suited to an authorized receptacle for the deposit or delivery of mail matter; and

2. That the defendant did so with the intent to unlawfully or improperly use, sell, or otherwise dispose of the key.

**D.     As to Counts Four, Five, and Six:**

In order for the crime of Mail Theft, in violation of 18 U.S.C. § 1708, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the mail matter described in the Information was in a mail receptacle or in an authorized depository for mail matter; and

2. That on or about the date specified in the Information, the defendant knowingly stole, took, or abstracted the mail matter.

**E.     As to Count Seven:**

In order for the crime of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 841(b)(1)(C), to be

3

established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth in the Information, the defendant possessed with intent to distribute a controlled substance.

2. That the defendant did so knowingly and intentionally.

3. That the controlled substance was fentanyl, a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(b)(6); and/or fluorofentanyl, a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c); and/or cocaine, a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

4. That the mixture or substance containing a detectable amount of fentanyl was 40 grams or more, pursuant to 21 U.S.C. § 841(b)(1)(B)(vi).

### III. PENALTIES

**A.   As to Count One: Unlawful Possession of a Machinegun (18 U.S.C. § 922(o)(1)):**

1. A term of imprisonment of not more than ten (10) years (18 U.S.C. § 924(a)(2)).

2. A fine of not more than $250,000  (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of not more than three (3) years.  (18 U.S.C. § 3583).

**B.   As to Count Two: Possession of a Firearm and Ammunition by a Convicted Felon (18 U.S.C. § 922(g)(1)):**

1. A term of imprisonment of not more than fifteen (15) years.

2. A fine of not more than $250,000.  18 U.S.C. § 3571(b)(3).

3. A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583.

      **C.**    **As to Count Three: Unlawful Possession of a Postal Key (18 U.S.C. § 1704):**

      1.    A term of imprisonment of not more than ten (10) years.

      2.    A fine not more than the greater of:

      (a) $250,000

      or

(b) An alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571).

      3.    A term of supervised release of not more than three years (18 U.S.C. § 3583).

      **D.**    **As to Counts Four, Five, and Six: Mail Theft (18 U.S.C. § 1708):**

      1.    A term of imprisonment of not more than five years (18 U.S.C. § 1708).

      2.    A fine not more than the greater of:

      (a) $250,000; or

(b) An alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571).

      3.    A term of supervised release of not more than three years (18 U.S.C. § 3583).

  **E.** **As to Count Seven: Possession with intent to distribute 40 grams or more of fentanyl (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi)):**

  1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

  2. A fine not to exceed $5,000,000.

  3. A term of supervised release of at least four (4) years.

  If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

  1. A term of imprisonment of not less than ten (10) years to a maximum of life.

  2. A fine not to exceed $8,000,000.

  3. A term of supervised release of at least eight (8) years.

  **Possession with intent to distribute a quantity of fluorofentanyl and a quantity of cocaine (21 U.S.C. §§ 841(a)(1), and 841(b)(1)(C)):**

  1. A term of imprisonment of not more than twenty (20) years.

  2. A fine not to exceed $1,000,000.

  3. A term of supervised release of at least three (3) years.

  For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

  1. A term of imprisonment of not more than thirty (30) years.

  2. A fine not to exceed $2,000,000.

  3. A term of supervised release of at least six (6) years.

## IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. **RESTITUTION**

Not applicable in this case.

## VI. **FORFEITURE**

As set forth in the Information, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
First Assistant United States Attorney

*/s/ Rebecca L. Silinski*
REBECCA L. SILINSKI
Assistant United States Attorney
PA No. 320774